Your Honor, may I have two minutes set aside to make a rebuttal if I am happy to make. Notwithstanding the Supreme Court's opinion in Beckles, I submit that unarmed bank robbery under 18 U.S. Code Section 2113A is not a crime of violence as defined in Section 4B.1.2A of the 2015 Sentencing Guidelines Manual, which is the manual that applies to my client. Defense is not a crime of violence under either the Elements Clause, the Enumerated Offense Clause, or the Residual Clause in that Career Offender Guideline. The Enumerated Offense Clause is not at issue in this case. Robbery was not a listed offense in the 2015 Manual. Where was the language in the statute to which he pled guilty? I think it's important that the offense to which he pled guilty can be accomplished in the most benign way, if done by intimidation, and without purposeful violent force. Does it make any difference that he said, I have a gun? The analysis that I submit the Court should use is not the typical case or not the facts of this case. It's the categorical approach. My position is that the government should look at the elements of the offense as defined, and if, under the most benign circumstances, that statute can be violated without the use of purposeful violent physical force, then it is not a crime of violence. What are we supposed to do with U.S. v. McVicker? I think that it's important that that was decided in 1990, and when you It hasn't been overturned in the Supreme Court. It has not been overturned. And the Supreme Court just reaffirmed the legitimacy of the Residual Clause. Aren't we bound by that? I do not think you're bound by that, because I think that in light of all that has happened since 1990, when McVicker was decided, there is a recognition that the Residual Clause in the Career Offender Guideline, although it is no longer void as a matter of, no longer attackable as void under the vagueness doctrine, still has the same problems of indeterminacy, and it has to be evaluated and interpreted in a way that is fair and makes sense. And my position is the way to do that is to apply the same categorical approach to that language as the courts have applied in the analogous Career Offender Residual Clause. Can I add to that something? Go ahead. Does he have to know that the action he's taking is intimidating? I think he has to. He has to have general knowledge under the Carter case. Okay, so if he does know that he's intimidating, why can't we just say that it's at least a threatened use of force? Because I don't think that the case law supports that. I don't think that Henson supports it. I think that if you look at the note in Henson, the demand note in Henson, the only thing that was at all intimidating about Henson was the exclamation mark at the end of his note. He says, put 20s and 50s in an envelope, exclamation mark. But why wouldn't that be? The threatened use of force is in context. I think it's got to be more than that to me. Well, why? Because I think what you're dealing with here is a sentencing enhancement based on what is a violent offense. And that note, I submit, is not violent. Well, in the context of appearing in a bank teller's booth, with all the context of what bank robberies are, if I say, I mean, hand it over or, that's not a threat? That might have been. But the facts in Henson, which I submit are the most benign set of facts, don't rise to that level. Well, what would have been the, just you think we should view that as just a polite request? I don't think it's a polite request. What is it then? It is, whatever it is, it is. Well, what is it? We have to characterize this. It's not a request, but you say it's not intimidation, it's not a threat. What is it? Well, then I guess I'd have to fall back and say it's a request. Yeah, but that seems hard to say. Well, I think that you have to view this issue of crime of violence just like the Supreme Court viewed violent felony under the Armed Career Criminal Act. And there has to be some purposeful element either implied of violence. We have to take as a given he was convicted of the crime. Yes. So he knew he was doing something intimidating. It's not an option for us to disregard that in applying the categorical approach. Well, the colloquy really doesn't lay it out that way. No, but just the fact of the conviction, if knowledge is an element, he had to know that what he did was intimidating. He was convicted, you're not challenging the conviction. No. So we have to take it as a given that for the categorical approach, whatever happened was something he knew to be intimidating. So what could have been intimidating about it other than the implied threat of force? I think that the point I'm trying to make is that it's enough, yes, the government argues that any physical action amounts to force. My position is that it's got to be something more than something that meets the standard of violent physical force presenting a serious potential risk of physical injury. And I don't think that the most benign note, which will be covered by the intimidation alternative means under 2113A, amounts to violent force. I think that someone looks up to me, I'm a teller, even if I'm not a teller, give me your money. No, he said, I have a gun, give me your fucking money. If that isn't intimidating, I don't know what would be intimidating short of actually pulling the gun out. My position doesn't go to the facts of this case. My argument is that the Sykes and James approach has been overruled, in effect, by the Johnson line of cases and that you don't look at the particular facts of the case. Tell me any case that exists even close to this in which it has been held not to be intimidation. I don't know of any cases. Outstanding if you could find one. But the case law, and it's laid out in pages 24 and 25 of the brief, is consistent with Henson and some of its post-Carter, and basically what those cases say is that a person can be convicted under this robbery statute even though there was no evidence that he intended to put the teller in fear of injury. He didn't make any physical movement toward the teller, and indeed, even if he never presented the note. Why do they conclude that it would count as intimidation in those cases? Because that's how they construe the statute. Well, what about it would be intimidating? I guess their position is that just standing in front of the teller and saying, give me the money amounts to intimidation. Because I know, and I have to know that, right? Yes, and so then why do I know that? And the reason I know it, presumably, is because I understand that even whatever my intention is, the recipient of that statement is going to assume an implied threat of force. Why wouldn't that make sense? Because that may be enough for a conviction under the statute, but it's not enough, I submit, to show that it's a threat of violence under the career figure guideline. If it's an implied threat of force, then it's not. It has to be. You're just saying it's not an implied threat of force. It's not an implied threat of violent physical force, which I think is what Fish and Johnson wanted to point out. It's just hard. Go ahead. Thank you. Good morning. Seth A. from the United States. I think there are two distinct analytical paths by which this court could resolve this case and affirm it. The first is what I think Judge Thompson was alluding to, which is that Beckles has held that the residual clause remains in force. James and Sykes provide that standard. In McVicker in 1990, this court held that bank robbery qualifies under the residual clause. That would be a fair analytical way, I think, to get to affirming. The other analytical way, I think, is the way that Judge Barron was talking about, which is to look at the force clause and ask the question, under a categorical approach, does bank robbery constitute a categorically violent offense? And the argument that's been made is it doesn't because intimidation can be, I guess, done in a way that's nonviolent. But I think the argument that just went on suggests that that's not true because what's required for it to be intimidation under the First Circuit law is threat to do bodily harm. So when someone enters the bank with a note and the note says, give me the money, right, the arguments that enable that doesn't have violence. The violent word did not in the note. But it still has to be a threat to do bodily harm. Well, why is it so? It is so because of all of the context by which that is done. And that context is, if you refuse me, I will hurt you. That is the negative implication that's going on there. So all bank tellers, it's my understanding that all bank tellers have been instructed that when they're presented with a robbery encounter, they're to give over the money and not fuss about it. Right. So bank robbers know that all they have to do is walk in with a note. Well, but the jury still has to find, to convict someone under this court's law, that the note constituted threat to bodily harm. So it's a fair argument for a defendant to make, to make your argument. That's a good jury argument. You want to stand up there and say to the jury, this note was not a threat to do bodily harm for all the reasons you just said or because it said please or for some other reason? You can argue that. And a jury could conclude, correct, no intimidation, not guilty. But once they've been convicted, that means a jury found that they did use a note in a way that threatened to do bodily harm. And by having done so, now that makes it a crime of violence because it is, by definition now, a threat to use physical force. Because the only way to cause bodily harm that I know of, to threaten someone with bodily harm, is to say or to imply you will be harmed by some kind of physical action if you don't do what I'm saying. But your argument is that in all bank robberies, there's an implied threat. Because the jury has to find intimidation under this fact pattern you just provided. I think it's a fair argument to stand up in closing argument and say, jury, there's no intimidation here because of all the things you just said. Bank tellers know they're just going to give over the money. No one would have thought that they were afraid. That's a fair argument to make to determine whether the person's guilty. But we're past that. This person is guilty. That means 12 people decided unanimously or they pleaded guilty to have intimidated a person. By having intimidated a person, that means they threatened to do them bodily harm. And the only way to do that is through either directly or indirectly threatening them with force. So I do think, yes, when you're at this stage, by definition they have been found, every bank robber has been found to either have used force or have threatened to use force. And that makes it a career offender predicate. Can you explain what we're supposed to do now post-Beckles with the residual clause? So we know from Beckles that, as I read Beckles, you could draw the following propositions. Even though we don't know what it means, it's not vague. Correct. So that's great. So it's not vague. So I have to apply it. But we still are left with the last statement by the Supreme Court describing it as saying it's impossible to know what it means. So what am I supposed to do in now applying it? Well, the good news, right, is of course you're in a very narrow window of cases because the sentencing commission as a matter of policy changed it. So you do have this problem for sort of a narrow window of cases. I think what the Supreme Court said was that what the residual clause cases fail to do is to provide sufficient certainty beforehand to determine what's a crime of violence. So the question is now you're left with this ordinary case method that has been unsatisfactory. But that doesn't make it unconstitutional. I know that. But my problem is how do I apply an unsatisfactory test? What's the government's view as to what I'm supposed to do? Well, I still think you use the same analytical approach that, I mean, is unsatisfactory. But the court said, if I understood it, the court said the problem with that analytical approach is that we're comparing incommensurate things and we don't have a good baseline for doing it, and it's very hard to know what you would apply to what. Then having said that, it also said, but it's not unconstitutional because it's just a guideline. So I'm now told to compare incommensurate things with no baseline for doing so. How does the government propose that? And yet you could do nothing at all and just apparently look up at the ceiling and say, I feel like it's a crime of violence, and that would be okay too. Is that the government's view? I'm not saying that's the government's view. What is the government's view since you would like us to apply the residual clause post-Beckles? What am I supposed to do in applying? I think you have to continue to do what you did before. And as unsatisfactory and as difficult and as not providing certainty, you have to do the best you can for this narrow window of cases to apply the ordinary case analysis as you had been attempting to do through that period of time. Now, that is, again, a very narrow range of cases because of the way that the commission has developed the law. We'll see what it means under 924C pretty soon. That's a different problem. But for the guidelines, I do think for this narrow window, you have to muddle along and do the ordinary case analysis. Or the reason I started my oral argument by presenting two different analytical tracks is to say, well, we don't need to decide what to do about that, because I think at least for this case, it's quite clear that it fits under the force clause. Now, I'm not saying you're not going to face another predicate crime where you're going to have to wrestle with that. You very well may. I don't think bank robbery is the one. And we just treat the language in the Johnson 2 that invalidated the residual clause, the same language under the ACCA. We just treat that analysis as because the way I understand it, the premise was the problem wasn't that judges are having a hard time. The problem was defendants don't have any way before they commit their crimes to know what penalties they're going to be subject to. The puzzling thing for me is the reason the defendant presumably can't do that is because if they tried to sit down and work through the case law and the statute, they would be at C. Why isn't a judge just as at C then? I don't follow. There's nothing that prevents you from being at C or having to apply difficult standards that don't provide certainty until you sit down with the specification, use the best judgment with the tools you can. I'm not saying it's an enviable position to be in, but by choosing the paths they chose, I assume what they were saying in Beckles is it's not actually about the judges. It's about the defendants and what rights they have prior to committing the crime. What is it they're entitled to know? I think if it were a fairness to judges doctrine, Beckles should come out some other way because I agree with you. You have an unenviable task to apply, as you have since they came up with this. You have an unenviable task to apply it, and I think that's why it's a doctrine about defendants, which means you have to model for them. Just one last term. Is it possible to distinguish between cases that might fall within the heartland of the residual clause and those that might be on the bounds of it? So an ordinary case analysis talks about you're supposed to try your best to figure out what is the usual way. Let's just use bank robbery. Someone commits a bank robbery, and then say as you move out the heartland case. So tell me, can you just give me an example to help me? No. No. All right. I'm trying to think of what a non-heartland case would look like. Your job is to determine under the particular statute that you're dealing with what's the usual way it's committed, and then ask in that usual way is violence encompassed within that. And so I guess the question is under kind of a lenity concept, if you could think of lots of different ways. But I think lenity is not just a notice concern. It's about the allocation of power between judges and rule makers. And so one might think that even if there's no vagueness problem, you still would apply the rule of lenity to distinguish between the heartland case and the outer borough case under the residual clause. Well, I think that's a possibility. I think that for this narrow range of cases, and again the good news is it's only this small window of cases. But here are the questions of bank robbery, and I would say either it's an ordinary case, crime or violence, or and therefore it can be decided under the residual clause, but it's also an elements clause case. And I think it fits under the elements clause, as all the other circuits have found. Thank you. Briefly. The government has just basically urged you to go back to James and Sykes to forget what's happened since McVicker and to simply consider cases in the usual way. What does a generic case look like? I submit to you that a coherent approach to trying to do what every judge has to do before imposing sentence, which is to interpret a particular provision of the guidelines, that happens before they exercise their sentencing discretion. And I submit to you that in trying to determine just what that vague residual clause means, the courts, all courts, should apply the categorical approach, look to the elements of the offense, and determine whether that offense committed in the most benign way possible amounts to a crime of violence. And I submit that that's the approach, looking up at the sky, going to see, I think, that the court has to take a coherent analytical approach and use what the Supreme Court has applied over the years to the analogous, the identical clause in your record. It's just hard to figure out, though, how walking into a bank and demanding money is ever benign and not threatening. Because I'm not saying that. What I'm trying to argue is consistent with Johnson 1, consistent with this court's decision in the Fish case, the crime of violence has to be more than just force. It has to be violent force, attempted, threatened. And violent force is not implied in the most benign intimidation situation. That's my argument. Thank you. Thank you. Thank you.